# UNITED STATES DISTRICT COURT

## for the

### Eastern District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 2:23-CR-293-JMA-JMW |
| Adam Kaplan and Daniel Kaplan | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To:  IHT Wealth Management, LLC

_____
*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

Please see Schedule A, attached.  (You may comply with the subpoena by emailing or mailing the requested materials on or before the return date of the subpoena to the attorney listed below.)

| Place: Morrison Cohen LLP; Attn: Eric M. Creizman<br>909 Third Avenue, Fl. 27<br>New York, New York 10022 | Date and Time: 03/18/2024 9:30 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: 1/29/2024

Brenna B. Mahoney
*CLERK OF COURT*

/s/ Lauren Posillico
_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Adam Kaplan
_____, who requests this subpoena, are:

Eric M. Creizman, Morrison Cohen LLP, 909 Third Avenue, Fl. 27, New York, New York 10022

---

## Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.    2:23-CR-293-JMA-JMW

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# SCHEDULE A

## DEFINITIONS

1. The term "IHT" means IHT Wealth Management LLC, as well as its predecessors, successors, departments, divisions, and affiliates.

2. The term "Kaplans" means Adam S. Kaplan and Daniel E. Kaplan.

3. The term "Kaplan Office" means the office maintained by the Kaplans at 315 Madison Avenue, New York, New York 10017, which served as IHT's branch office location in New York City from about June 29, 2018 to about October 1, 2020.

4. The term "PRB" means PRB Wealth Management, LLC.

5. The term "PRB Office" means the offices of PRB and IHT, located in The Chanin Building, 122 East 42nd Street, Suite 1610, New York, New York 10168.

6. The term "Branch Office Audit Report" refers to the closing report of the audit of an IHT branch office.

## INSTRUCTIONS

The following instructions apply to each of the document requests set forth herein:

1. Each of the Requests cover any and all documents generated, prepared, created, sent, or received during the time periods specified in the Request.

2. Documents requested are those in actual or constructive possession, custody, or control of You or Your representatives, attorneys, or other agents including, without limitation, Your consultants, Your accountants, and Your lawyers, or any other Persons retained, consulted by, or working on behalf or under the direction of You, wherever they may be located.

3. Mark each page of each document with consecutive Bates numbers.

4. To bring within the scope of these topics all information that might otherwise be construed to be outside of their scope, the following additional instructions apply: (i) the

masculine, feminine, or neuter pronouns shall not exclude other genders; (ii) the words "include" or "including" mean include or including without limitation; (iii) the present tense shall be construed to include the past tense and vice versa; and (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, and agents.

5.      You may comply with this subpoena by providing the requested materials, or identical copies thereof in electronic format on a USB flash drive, a CD, a DVD, an external hard drive, or by secure electronic file transmission on or before the return date of the subpoena to: Eric M. Creizman, Esq., Morrison Cohen LLP, 909 Third Avenue, Fl. 27, New York, New York 10022; (212) 735-8640; ecreizman@morrisoncohen.com.

## **REQUESTS FOR PRODUCTION**

1.      The Kaplans' personal property, including but not limited to desktop and laptop computers, external hard drives, electronic devices, and paper files, which were located in the PRB Office as of July 16, 2021.

2.      The 2019 Branch Office Audit Report of IHT's New York City branch office, located at the Kaplan Office.

3.      A copy of the recorded video of Steven Dudash's visit to the Kaplan Office on or about August 1, 2019 in connection with IHT's 2019 audit of its New York City branch office located at the Kaplan Office.

4.      The 2021 Branch Office Audit Report of IHT's New York City branch office located at the PRB Office.