# Exhibit K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU, COMMERCIAL DIVISION

| | |
|---|---|
| ADAM S. KAPLAN AND DANIEL E. KAPLAN,<br><br>        Plaintiffs,<br><br>-against-<br><br>CADWALADER, WICKERSHAM & TAFT, LLP, et al.,<br><br>        Defendants.<br><br>CADWALADER, WICKERSHAM & TAFT, LLP,<br><br>        Counterclaim Plaintiff,<br><br>-against-<br><br>ADAM S. KAPLAN AND DANIEL E. KAPLAN,<br><br>        Counterclaim Defendants. | Index No. 609236/2023<br><br>Justice Timothy Driscoll<br>IAS Part 8<br><br>Mot. Seq. #4 |

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO REARGUE**

## **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES............................................................................................. | ii |
| PRELIMINARY STATEMENT...................................................................................... | 1 |
| RELEVANT PROCEDURAL HISTORY ..................................................................... | 2 |
| ARGUMENT ..................................................................................................................... | 4 |
|     I.    Legal Standard ................................................................................... | 4 |
|     II.   The Kaplans Do Not Meet The Standard For Reargument..................... | 4 |
|     III.  Cadwalader's Retaining Lien Was Validly Asserted And Can Be Set at the Undisputed Amount Owed......................................... | 9 |
|     IV.  Defendants Should Be Awarded Legal Fees For Responding To The Motion To Reargue................................................. | 11 |
| CONCLUSION.................................................................................................................. | 11 |
| CERTIFICATE OF COMPLIANCE ............................................................................... | 13 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bd. of Managers of Windridge Condos. One v. Horn,*
    234 A.D.2d 249 (2d Dep't 1996)......................................................................... 6

*Hallett v. City of New York,*
    219 A.D.3d 809 (2d Dep't 2023)......................................................................... 4

*N. Am. Van Lines, Inc. v. Am. Int'l Cos.,*
    No. 600826/04, 2006 WL 908653 (N.Y. Sup. Ct. Apr. 10. 2006)...................... 4

*Peretz v. Xu,*
    205 A.D.3d 746 (2d Dep't 2022)......................................................................... 4

*Riesenburger Props., LLLP v. Pi Assocs., LLC,*
    No. 709221/2014, 2015 WL 5929104 (N.Y. Sup. Ct. Oct. 9, 2015)............... 4–5

*United States v. Kaplan,*
    No. 2:23-CR-293, 2023 WL 5718901 (E.D.N.Y. Sept. 5, 2023)................... 5–6, 11

**Rules and Statutes**

CPLR 2221(d)(2)........................................................................................................ 4

22 NYCRR 1200.0 ............................................................................................... 9–10

22 NYCRR 130-1.1 .................................................................................................. 11

**Other Authorities**

*United States v. Kaplan*,
    No. 2:23-CR-293 (E.D.N.Y.), ECF No. 43................................................................ 5

Defendants Cadwalader, Wickersham & Taft LLP ("Cadwalader"), Todd Blanche ("Mr. Blanche"), and Jared Stanisci ("Mr. Stanisci"), by and through their undersigned attorneys, respectfully submit this memorandum of law in opposition ("Opposition") to the motion to reargue in this Action (NYSCEF Doc. No. 93, or "Motion to Reargue") brought by plaintiffs Adam Kaplan and Daniel Kaplan (together, the "Kaplans").

**PRELIMINARY STATEMENT**

There is no basis to grant the Kaplans' Motion to Reargue their failed motion to compel ("Motion to Compel") Cadwalader to turn over its client file (the "Cadwalader File"). The Motion to Reargue reflects the Kaplans' fifth attempt, in various proceedings, to challenge Cadwalader's rightful retaining lien on the Cadwalader File. Each attempt, before multiple courts including this one, has undergone thorough analysis, and each court, including Your Honor, after briefing, argument, and due consideration, has correctly determined that the Kaplans' request for the Cadwalader File should be denied. The Kaplans' latest motion fails to raise any new fact or legal argument that would require this Court to reconsider its decision, or override any of the prior decisions.

There is no question that the Motion to Compel was extensively briefed. In fact, when moving to compel Cadwalader to produce the Cadwalader File, the Kaplans filed numerous exhibits for this Court to consider, including: the Memorandum Order issued by Magistrate Judge Wicks (NYSCEF Doc. No. 73), the Order issued by Judge Azrack (NYSCEF Doc. No. 74), and the transcript of the oral argument held before Magistrate Judge Wicks (NYSCEF Doc. No. 75). Defendants subsequently filed a brief in opposition (NYSCEF Doc. No. 83), and the Kaplans filed a reply (NYSCEF Doc. No. 85). Beyond briefing, the parties submitted additional letters as requested by the Court. NYSCEF Doc. No. 87; NYSCEF Doc. No. 88.

This Court also heard extensive arguments on the Motion to Compel. Two law firms appeared for the Kaplans on September 24, 2024. ("Hr'g Tr.," [NYSCEF Doc. No. 89](#)), and all parties had an extensive opportunity to present their respective positions.

Following the argument, this Court called a brief recess to consider the merits of the arguments. After that recess, this Court denied the Motion to Compel. This was a carefully considered decision. Your Honor informed the parties that you "sketched out [your] thoughts and resketched and resketched." the opinion. Hr'g Tr. at 23:21–22. In issuing Your Honor's decision, the Court stated that it "ha[d] considered the papers in support, in opposition, and in reply, and ha[d] already considered the August 14, 2024 letters submitted by the parties." *Id*. at 24:12–15. Your Honor then issued a detailed ruling confirming Cadwalader's right to exercise a retaining lien. *Id*. at 24:16–26:5.

A motion to reargue may be granted only in the rare instance where the court has overlooked key facts or mistaken the law, and is not a vehicle for parties such as the Kaplans to attempt to bring any new facts or legal principles to this Court's attention. The current Motion to Reargue distills down to a simple claim that this Court was wrong in denying the underlying Motion to Compel. This Court did not mistake the law or the facts, the Kaplan's Motion to Reargue should be denied, and the Defendants respectfully submit that the Court should award Defendants their legal fees incurred for responding to this frivolous motion.

## **RELEVANT PROCEDURAL HISTORY**

As this Court is well aware, in the fall of 2022, following several weeks of negotiations with the Kaplans regarding their failure to pay for legal services they had requested and received, it became clear to Cadwalader that Kaplans were refusing to pay for the services they had requested and received, that there had been a breakdown in communication, and that the attorney-client

relationship was no longer functioning due to irreconcilable differences. In the face of this total breakdown, Cadwalader determined that it could no longer continue its representation of the Kaplans. Accordingly, after taking into consideration the timing of ongoing workstreams and determining that termination would not create any significant prejudice to the Kaplans, Cadwalader terminated the representation in late November 2022. The Kaplans, however, still refused to pay between $590,000 and $1.2 million in legal fees due to Cadwalader, for which reason Cadwalader has asserted a retaining lien over the Cadwalader File.[1]

As your Honor is aware, before the Motion to Compel, the Kaplans had repeatedly burdened both this Court and the federal courts in the Eastern District of New York relitigating this same issue. The Kaplans filed this action (the "Action") to demand turnover of the Cadwalader File. They then followed that filing with two motions to compel in two different cases in the Eastern District of New York, seeking to force the turnover of the Cadwalader File without satisfying Cadwalader's retaining lien. Both prior gambits were rejected. Similarly, this Court rightly denied in the Motion to Compel in its entirety after the hearing on September 24, 2024 (the "September 24 Hearing," NYSCEF Doc. No. 89).

Despite their previous failures to obtain this exact relief, the Kaplans have nevertheless filed the instant Motion to Reargue, without pointing the Court to any reason it should reconsider its decision at the September 24 Hearing. This latest attempt to disregard Cadwalader's retaining lien, like all previous attempts, should be denied.

---

[1] The parties dispute the amount Cadwalader is owed. The Kaplans concede that they received – and did not pay – legal bills totaling $590,592.29. Amended Complaint, NYSCEF Doc. No. 20, ¶¶ 38–42. Cadwalader maintains that the full amount of unpaid legal fees owed by the Kaplans exceeds $1.2 million. Defendants' Answer and Counterclaims, NYSCEF Doc. No. 31, ¶ 201.

# ARGUMENT[2]

## I. Legal Standard

"Motions for reargument are addressed to the sound discretion of the court which decided the prior motion." *Peretz v. Xu*, 205 A.D.3d 746, 747 (2d Dep't 2022); *see also* CPLR 2221(d)(2). "However, '[a] motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided or to present arguments different from those originally presented[,]" *Hallett v. City of New York*, 219 A.D.3d 809, 810 (2d Dep't 2023), nor is it an opportunity for a party to raise "any matters of fact not offered on the prior motion," CPLR 2221(d)(2). A court should grant a motion to reargue only in the unusual circumstance where a party can demonstrate that the court overlooked or misapprehended the facts or law presented to it. *See Peretz*, 205 A.D.3d at 747; CPLR 2221(d)(2).

## II. The Kaplans Do Not Meet The Standard For Reargument

The Kaplans have not demonstrated that this Court, after extensive consideration of the law and facts, made any mistake in its initial decision. The Kaplans' Motion to Reargue "merely repeat[s] and rehash[es] the same arguments that were originally presented and rejected on the prior motion." *N. Am. Van Lines, Inc. v. Am. Int'l Cos.*, No. 600826/04, 2006 WL 908653, at *2 (N.Y. Sup. Ct. Apr. 10. 2006). As set forth in further detail below, all of the Kaplans' arguments have already been carefully considered and rejected by this Court, and the Kaplans' mere repetition of those arguments is "insufficient to grant a motion for reargument." *Id.*; *see also Riesenburger Props., LLLP v. Pi Assocs., LLC*, No. 709221/2014, 2015 WL 5929104, at *1 (N.Y. Sup. Ct. Oct. 9, 2015) ("Mere repetition of an argument, countless times, does not equate with its factual

---

[2] This Opposition incorporates all facts and arguments as set forth in Defendants' Opposition to Plaintiffs' Motion to Compel. NYSCEF Doc. No. 83.

substantive validity."). The Kaplans therefore fail to meet the standard to be granted leave to reargue their previous Motion to Compel.

*First*, the Kaplans argue that the Court misinterpreted the Magistrate Judge Wicks's and Judge Azrack's decisions by granting them preclusive effect. Specifically, the Kaplans state that Magistrate Judge Wicks "acknowledged that it is not clear that Pomerantz is even applicable to this case," and Judge Azrack "held that Judge Wicks expressly 'relied upon the availability of an alternative state court remedy' in finding that the Kaplans failed to establish the 'prejudice' prong of the Pomerantz test." Mot. to Reargue at 12. But the Court considered both these arguments at the September 24 Hearing. *See* Hr'g Tr. at 5:24–6:3 ("And we have a [sic] absolute right to assert that their claim to a retaining lien is invalid and, therefore, they have to turn the file over to us, and this is a remedy that's exclusive in the State Court."); 23:12–15 ("One thing I wanted to raise to the Court's attention that Pomerantz did involve a case where the Court had already determined that the retaining lien was valid."). The Court concluded that "Judge Azrack . . . addressed and rejected the plaintiffs' arguments . . . This application is, thus, a second bite at the apple, albeit it an application made under common law principles governed by state law that were not addressed by Judge Azrack." *Id.* at 24:17–24.

This Court's holding that Judge Azrack has already ruled on the merits of the Kaplans' claim was clearly correct, given Judge Azrack's definitive ruling: The Kaplans' "failure to meet [the inability to pay] element of *Pomerantz* is, *standing alone*, fatal to their motion." Order at 4, *United States v. Kaplan*, No. 2:23-CR-293 (E.D.N.Y.), ECF No. 43 (emphasis added); *see also id.* (holding that "[the Kaplans'] motion would still fail, on the merits, under *Pomerantz*"); *United States v. Kaplan*, No. 2:23-CR-293, 2023 WL 5718901 at *9 (E.D.N.Y. Sept. 5, 2023) (holding by Magistrate Judge Wicks that the Kaplans' failure to demonstrate their inability to pay pursuant to

-5-

*Pomerantz* "is fatal to [the Kaplans'] ability to obtain the Cadwalader File at this juncture"). Given Judge Azrack's ruling on the merits of the Kaplans' prior claim for the Cadwalader File, the Kaplans' argument that they can now relitigate their claim for access to the file by challenging the propriety of the retaining lien is contrary to basic principles of *res judicata*. "[T]he doctrine of res judicata also operates to preclude the litigation of matters that *could have* or *should have* been in a prior proceeding arising from the same 'factual grouping,' 'transaction,' or 'series of transactions.'" *Bd. of Managers of Windridge Condos. One v. Horn*, 234 A.D.2d 249, 250 (2d Dep't 1996) (emphases added).[3]

*Second*, the Kaplans argue that the Court misapplied the law by failing to require Cadwalader to prove it has a valid retaining lien. The Kaplans cite a slew of cases on the standard for just cause for an attorney to withdraw from representation and assert a retaining lien, Mot. to Reargue at 14–15, and for the Kaplans' to have deliberately disregarded their payment obligations, *id.* at 16–18, but ignore that at the September 24 Hearing, the Court noted that "plaintiffs' own arguments" raised a "factual question" which would "need to be addressed . . . [as] part of the trial on the merits of this Action." Hr'g Tr. at 25:5–14. The Court therefore did not make a determination as to whether "plaintiffs [paid] a properly invoiced bill for legal services" or whether "it [was] proper for the Cadwalader firm to withdraw from representing the plaintiffs and assert a

---

[3] While *res judicata* bars the Kaplans from attempting to relitigate all "matters that *could have* or *should have* been [raised] in a prior proceeding," the Kaplans did, in fact, challenge the propriety of the retaining lien itself in their letter motion to Judge Azrack requesting an order to compel Cadwalader to turn over the Cadwalader File. In that letter, the Kaplans argued that the "general principles" underlying the imposition of a retaining lien "are not implicated by the circumstances presented here and thus do not warrant *the enforcement of CWT's purported retaining lien against the Kaplans*." Letter to Judge Azrack at 3, *United States v. Kaplan*, No. 2:23-CR-293 (E.D.N.Y.), ECF No. 16 (emphasis added). Magistrate Judge Wicks rejected this argument; and Judge Azrack affirmed. As the validity of the lien was explicitly challenged, *res judicata* applies. *United States v. Kaplan*, 2023 WL 5718901 at *7 n.6.

retaining lien." *Id.* at 25:7–11. Cadwalader's withdrawal from the representation was undeniably proper; to the extent that the Kaplans, through their own arguments, have attempted to create a factual issue that requires a determination, that determination would need to be made at trial, and nothing in the Kaplans' Motion to Reargue changes the Court's conclusion at the September 24 Hearing.

*Third*, the Kaplans argue that the Court misapplied the law by failing to schedule an evidentiary hearing on the validity of Cadwalader's retaining lien. But the Kaplans also raised their desire for an evidentiary hearing at the September 24 Hearing. Hr'g Tr. at 18:10–19:3. The Court denied this request, stating that "any factual questions . . . will be part of the trial on the merits of this Action, *as the Court does not have the resources for piecemeal adjudication of this matter*." *Id.* at 25:11–15 (emphasis added). Because the Court wishes to hear this issue at a full trial, it cannot proceed while "discovery in this matter remains stayed pursuant to Order of the Second Department." *Id.* at 25:15–18. It makes no difference whether "[t]he Second Department Order granting the stay of discovery in this case expressly carved out the instant motion" – a carveout imposed at the Kaplans' express request. Mot. to Reargue at 19; *see also* Appellate Division NYSCEF Doc. No. 1; Appellate Division NYSCEF Doc. No. 7.

The Kaplans argue that this Court must order "an expedited hearing on the disputed factual issues," because the Kaplans "should not be made to wait for a trial on the merits of all claims in the Action," given that "discovery in this case is stayed, and it is entirely unclear when a trial would even be scheduled." Mot. to Reargue at 21. These circumstances are, of course, entirely of the Kaplans' own making, having succeeded in moving the Second Department for an order

staying all discovery in this Action.[4] The Kaplans repeatedly insist that Cadwalader must submit evidence to establish the existence and validity of the retaining lien – in other words, engage in one-sided discovery on this issue – but offer no explanation or proposal for how this Court can proceed with such an inquiry without violating the Second Department's stay. Moreover, the stay also precludes Cadwalader from seeking discovery *from the Kaplans* on this ultimate issue, which could reveal, for example: the Kaplans' contemporaneous communications about Cadwalader's invoices and their plan (or lack thereof) to pay those invoices, demonstrating their deliberate disregard of their payment obligations; the Kaplans' communications about Cadwalader's representation of them and their decision to hire a new attorney in November 2022, demonstrating the breakdown of the attorney-client relationship; and the Kaplans' communications about Cadwalader's withdrawal, demonstrating that notice of that withdrawal was properly given. It was therefore entirely appropriate for the Court to deny the Kaplans' request for an evidentiary hearing while discovery remains stayed at the Kaplans' behest.

Because the Kaplans point the Court to no facts or law it overlooked or misapprehended, they do not meet the standard for leave to reargue their Motion to Compel.

---

[4] Following this Court's May 22, 2024 denial of the Kaplans' motion to stay this Action (NYSCEF Doc. No. 77), the Kaplans appealed (NYSCEF Doc. No. 78) and requested an order temporarily staying discovery in this Action, pending adjudication of the Kaplans' request for a stay pending appeal (Appellate Division NYSCEF Doc. No. 1). The Second Department entered an order temporarily staying discovery in this Action on June 27, 2024. Appellate Division NYSCEF Doc. No. 7. Though intended to be a temporary measure, this stay remains in effect over 5 months later. The Second Department has yet to rule on the Kaplans' request for a stay pending appeal, and the Kaplans have made no effort to move forward with their underlying appeal of this Court's order *denying* a stay of discovery.

### III. Cadwalader's Retaining Lien Was Validly Asserted And Can Be Set at the Undisputed Amount Owed

The Kaplans argue that Cadwalader must be required "to establish through admissible evidence that it has a valid retaining lien in the first place." Mot. to Reargue at 14. The record in this Action, limited though it may be, is sufficient to establish the validity of the retaining lien. The Kaplans plainly admit that they have *never paid* multiple invoices that were delivered to them in the final months of the representation, *see* Mot. to Reargue at 15–16, arguing only that Cadwalader's multiple outstanding invoices were not yet overdue at the time of its withdrawal, *see* Mot. to Reargue at 14–16, that the Kaplans' failure to pay did not rise to the level of "deliberate disregard" of their payment obligations, *see* Mot. to Reargue at 16–19, and that the amount they owe Cadwalader is less than the $1.2 million Cadwalader asserts it is owed, *see* Mot. to Reargue at 20. As a threshold matter, the decision to withdraw was based on the total breakdown of the relationship with the Kaplans, of which non-payment is only one aspect. But even if the Court looks only to the issue of non-payment, given the Kaplans' admitted failure to pay multiple invoices – a failure that continues to this date – this Court was correct to determine that there is "at least a factual question whether the plaintiffs did not pay a properly invoiced bill for legal services," which would make it "proper for the Cadwalader firm to withdraw from representing the plaintiffs and assert a retaining lien." Hr'g Tr. at 25:6–11.

Nevertheless, the Court need not determine at this juncture that Cadwalader was justified in withdrawing due to the Kaplans' failure to pay outstanding invoices and the breakdown of the relationship between the Kaplans and Cadwalader.[5] The law is clear that a lawyer can also

---

[5] Cadwalader submits that a full evidentiary record in this Action will also demonstrate the appropriateness of its withdrawal pursuant to Rule 1.16(c)(5) of the New York Rules of Professional Conduct (permitting withdrawal when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees"). Rules of Professional Conduct [22

-9-

withdraw from representing a client, at any time, when "withdrawal can be accomplished without material adverse effect on the interests of the client." Rules of Professional Conduct [22 NYCRR 1200.0] Rule 1.16(c)(1). On this point, Defendants have submitted Mr. Stanisci's sworn affirmation that, "after considering the timing of ongoing workstreams—including the fact that the Kaplans' scheduled testimony before the U.S. Securities and Exchange Commission (the 'SEC') had been canceled by the SEC—Cadwalader, Mr. Blanche, and I determined that the Kaplans would not suffer any prejudice from Cadwalader's withdrawal from their representation." Affirmation of Jared Stanisci, NYSCEF Doc. No. 84, ¶ 5. The Kaplans have submitted no evidence to refute this sworn statement, which was made on the basis of Mr. Stanisci's personal knowledge.

The Kaplans also argue that "CWT must be made to establish the amount of alleged outstanding fees by documentary evidence." Mot. to Reargue at 20. The invoices that the Kaplans admit they have not paid, however, are clearly outlined in the Kaplans' own complaint in this Action. *See* Amended Complaint, NYSCEF Doc. No. 20, ¶¶ 38–42). As Cadwalader has repeatedly made clear to the Kaplans – contrary to their false assertion that Cadwalader has conditioned its turnover of the Cadwalader File on the posting of the full $1.2 million owed, *see* Mot. to Reargue at 20 – Cadwalader is perfectly willing to set the value of the retaining lien at the *undisputed* amount of $590,592.29 that the Kaplans *fully admit* remains unpaid to this date, two years after the representation ended. *See, e.g.*, NYSCEF Doc. No. 83 at 1 n.1 ("The Kaplans concede that they received – and did not pay – legal bills totaling $590,592.29. . . . [T]he value of the retaining lien, for the purpose of resolving this Motion to Reargue, may simply be set at the []

---

NYCRR 1200.0] Rule 1.16(c)(5). Cadwalader sees no need to disturb this Court's ruling that this factual question can and should be addressed following discovery, "[as] part of the trial on the merits of this Action." Hr'g Tr. at 25:13–14.

undisputed amount of $590,592.29."); *see also United States v. Kaplan*, 2023 WL 5718901 at *9 ("Cadwalader represents that despite the assertion of its lien, it has in fact offered to turn over the Cadwalader File on the condition that Defendants either post security or make payment subject to a claim for return. . . . Cadwalader offered many reasonable alternatives including its willingness to accept: (1) $760,000, the minimum amount of fees it claims are owed, (2) a bond from Defendants' parents who previously posted a combined $5,000,000 dollar bond secured by two pieces of property to obtain Defendants' conditional release, and (3) an escrow arrangement in place of a bond."). No documentary evidence is necessary to establish that the Kaplans owe Cadwalader at least $590,592.29.

**IV.     Defendants Should Be Awarded Legal Fees For Responding To The Motion To Reargue**

Under 22 NYCRR Subpart 130-1, a court can award "actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct," which includes conduct "completely without merit in law and cannot be supported by a reasonable argument." 22 NYCRR 130-1.1. The Kaplans' latest in their repeated attempts to relitigate their demand for the Cadwalader File – *after* having had previous efforts denied, including their previous Motion to Compel before this Court – constitutes frivolous conduct. Defendants and their counsel have spent money and time responding to each of these bites of the apple, each more meritless than the last. Accordingly, Defendants respectfully request that the Court grant Defendants attorney's fees and expenses for responding to the Kaplans' Motion to Reargue.

## CONCLUSION

For all the foregoing reasons, this Court should deny the Kaplans' Motion to Reargue and award Defendants their legal fees incurred for responding to it.

Dated: New York, New York  
December 4, 2024

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____  
    Victor L. Hou  
    David H. Herrington

One Liberty Plaza  
New York, New York 10006  
(212) 225-2000

*Counsel for Defendants and Counterclaim Plaintiffs*

## CERTIFICATE OF COMPLIANCE

This memorandum of law complies with Rule 17 of the Rules of the Commercial Division of the Supreme Court, 22 NYCRR 202.70, because it contains 3,206 words.

Dated: New York, New York
December 4, 2024

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Victor L. Hou
David H. Herrington

One Liberty Plaza
New York, New York 10006
(212) 225-2000

*Counsel for Defendants and Counterclaim Plaintiffs*