

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PGS/AT/RMU
F. #2022R00047

*610 Federal Plaza*
*Central Islip, New York 11722*

August 21, 2025

By E-mail and ECF

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Adam Kaplan and Daniel Kaplan
                 Criminal Docket No. 23-293 (S-1)(JMA)

Dear Judge Azrack:

      The government respectfully submits this letter in response to Daniel Kaplan's August 20, 2025 letter (the "3500 Letter") requesting the Court to "order the government to produce immediately the remaining 3500 and documents in its possession" (see ECF No. 262). As set forth below, the government has been providing 3500 material on a rolling basis since it has received it, and the government will continue providing 3500 material as it receives it.[1] Accordingly, the government respectfully submits that any further 3500 order is unnecessary and would be duplicative of the Court's past orders.

      As an initial matter, the government writes to correct the record as to several statements in the defense's 3500 Letter. The defense states that the government has not produced 3500 material for a number of witnesses, including witnesses first identified in its August 1 production index. As the government has repeatedly informed the defense, it produced as "3500" more than was strictly necessary under its disclosure obligations, including for individuals that it does not plan to call as witnesses at trial. The defense is in possession of the government's witness list, and the government has no obligations or further plans to produce materials for individuals that it does not plan to call at trial, especially given the repeated complaints from the defense about the vast amount of materials at issue here, unless that material falls under a specific disclosure

---

[1] The government objects to the overbroad "request" that the government produce "documents in its possession". The government is under no obligation to produce any and all documents it possesses. The government assumes the defense is referring to 3500 material, Rule 16 discovery, and the government's obligations under Brady and Giglio, which the government will continue to comply with.

requirement, such as Rule 16, Brady, or Giglio.  To note, in the 3500 Letter, the defense references an "SEC attorney".  The government has no plans to call an "SEC attorney" at trial, and no SEC attorney has appeared on the government's witness list.

Additionally, the defense claims that the government has not produced 3500 material for some individuals listed on the government's preliminary witness list, including a witness from Cadwalader.  For some individuals, like the Cadwalader witness, the government does not presently possess any 3500 material.  Additionally, as should be clear from the government's motions in limine, the government is also working to amend and supplement its witness list based on the defense's refusal to stipulate to the authenticity of any documents in this case, including documents that they produced to the SEC and to the government, which is why the government is required to call a witness from Cadwalader.  Furthermore, the defense's claim that the government is "withholding" material is baseless.  The government has been producing 3500 material on a rolling basis and will continue to comply with its disclosure obligations.  Indeed, as noted by the defense, the government made two productions of notes and reports this week related to the preparation of approximately eight trial witnesses from this week and last.  These materials were turned over quickly after being received, and the government will continue this rolling production up to and during trial, as necessary.

The government further disputes the defense's distorted characterization of the 3500 productions.  Given the scope of the records produced thus far, the issues raised by the defense are isolated incidents, and the government has corrected and/or revised the 3500 list when necessary to address some of those concerns.  The government is continuing to review the defendant's numerous follow-up requests, many of which are related to records that have already been produced or are not in the government's possession and will respond accordingly.  However, the government is fully aware of its obligations under Brady, Giglio, Rule 16 and 18 U.S.C.§ 3500, and will continue to comply.  Furthermore, the government is not required to respond to the defendants' repeated requests seeking confirmation of whether certain items of discovery have or have not been produced or their requests for materials that they have had in their possession for, in some cases, over a year.

Finally, and relatedly, in Adam Kaplan's August 21, 2025, letter requesting an adjournment of the trial, defense counsel references a 12,000-page production that the government produced yesterday (see ECF No. 263).  To be clear, this production was provided by a victim to the FBI, unprompted, following a meeting while preparing for trial.  The government is still in the process of reviewing these materials for the first time, but it appears that there are significant sections of the production that are duplicative to materials previously produced in discovery.

In sum, for the reasons set forth above, the defendant's motion for a 3500 order is unnecessary and should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/
      Adam R. Toporovsky
      Paul G. Scotti
      Rebecca M. Urquiola
      Assistant U.S. Attorneys
      (631) 715-7846 (Toporovsky)