**SHER TREMONTE LLP**

September 21, 2025

**BY ECF**
The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

    Re:    *United States v. Adam Kaplan and Daniel Kaplan,*
             **Case No. 23-cr-00293 (JMA)(JMW)**

Dear Judge Azrack:

      We write on behalf of our client, Daniel Kaplan, to reply to the government's response to Daniel Kaplan's supplemental motion *in limine* concerning Cadwalader (ECF No. 344) ("the Response" or Resp.).

      In the Response, the government previews for the first time the specific testimony it intends to elicit from Jared Stanisci.[1] The testimony the government plans to introduce is unnecessary and highly prejudicial to Daniel Kaplan.

      First, the government's proposed testimony amounts to an end-run around a prior Court ruling. The Court granted the government's application to introduce evidence concerning the Securities and Exchange Commission ("SEC") investigation and lawsuit concerning Adam Kaplan only. The government already indicated on the record that it will not seek to introduce such evidence against Daniel Kaplan. Sept. 9, 2025 Tr. at 379-80. But the government's proposed testimony from Mr. Stanisci includes that Cadwalader represented Daniel Kaplan in connection with a subpoena from the SEC. For all of the reasons that Daniel Kaplan opposed the admission of evidence that the SEC investigated and filed a case against him as set forth in Daniel Kaplan's

---

[1] In the government's September 18, 2025 opposition to Daniel Kaplan's request for an adjournment, the government wrote that it "only seeks to introduce a representative from Cadwalader to testify that Cadwalader represented the defendants during the relevant period in the S-1, Cadwalader made a presentation to the government during the relevant period, Cadwalader produced documents to the government and the SEC during the relevant period, and those documents include the documents in the government's 6000 series." ECF No. 327 at 2. In an apparent about-face, in the Response filed today, the government states that it "has no intention" of "introducing testimony regarding presentation made by the defense before the defendants were indicted." Resp. at 2. We understand the government no longer seeks to adduce testimony from Mr. Stanisci that "Cadwalader made a presentation to the government during the relevant period." ECF No. 327 at 2.

Hon. Joan M. Azrack
September 21, 2025
Page 2

Motion in Limine (ECF No. 254 at 12-15) and his Opposition to the Government's Motion in Limine (ECF No. 270 at 1-3). Daniel Kaplan objects to this proposed testimony.

Second, there is no reason for Mr. Stanisci's testimony to address the SEC subpoena and investigation. It is undisputed that Todd Blanche, then a partner at Cadwalader, produced the documents in the GX 6000 series to the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY") on a *voluntary* basis. See ECF No. 271-1. Testimony indicating that Daniel Kaplan was subject to compulsory process by the SEC is irrelevant to this action, prejudicial because it will make the jury assume he must have done something wrong, unnecessary because the documents were separately produced to the USAO-EDNY, and misleading because the production to the USAO-EDNY was voluntary.

Third, the government's proposed testimony that Cadwalader represented the Kaplans in "an investigation by the USAO-EDNY" is confusing and unduly prejudicial. It is confusing because it suggests there is some other investigation, separate and apart from this criminal prosecution, that was conducted by the USAO-EDNY. And it is highly prejudicial for the jury to be told that *Cadwalader* provided documents to the government for the Kaplans when it will be obvious to the jury that Cadwalader no longer represents the Kaplans and stopped representing them sometime after producing the documents at issue. In addition to speculating about why the Kaplans were previously jointly represented and now are separately represented, the jury will speculate about why the law firm that provided the government's exhibits to the government stopped representing the Kaplans. The government will argue that some of the documents in the GX 6000 series were fraudulently created by the Kaplans and produced to the government by Cadwalader. The fact that Cadwalader no longer represents the Kaplans—and, indeed, is testifying *against* them and in support of the government in their criminal trial—inevitably leads the jury to conclude that Cadwalader withdrew *because* the documents are, in fact, forged. There is no curative instruction that could prevent such overwhelmingly prejudicial speculation. And that risk is only further exacerbated by the numerous references to Cadwalader elsewhere in the government's exhibits. *See, e.g.*, GX 213-T at 6-8, 16-17, 27-28, 30, 33-34.

Lastly, consistent with the Court's direction at the last conference, the government should authenticate documents in the GX 6000 series, as possible, through means other than testimony from the Kaplans' prior lawyer. The Court directed the government to identify the documents produced by Cadwalader that it seeks to introduce "so it can be determined as to whether they can be authenticated *through other means*, stipulations, certification, or *other custodians*" (emphasis added). Sept. 9, 2025, 387:3-7. The government states only that it "remain[s] willing to stipulate to this testimony." Resp. at 2.[2] But a stipulation that mimics the testimony the government plans to elicit from Mr. Stanisci creates the same problems identified above. The government does not claim that it has made any effort to find a less prejudicial means to authenticate the GX 6000 series, as directed by the Court, because it cannot. The government should undertake, at a minimum, the

---

[2]     Contrary to the government's claim, it has never previously proposed a specific stipulation to the defense, and, as noted, today's letter is the first time the government has set forth the proposed testimony that it would include in a testimonial stipulation.

Hon. Joan M. Azrack
September 21, 2025
Page 3

steps outlined by the Court before it can parade in the Kaplans' prior counsel and open a Pandora's box of prejudice.

If the Court is inclined to permit Mr. Stanisci to testify, notwithstanding Daniel Kaplan's objections, then we seek an opportunity to *voir dire* Mr. Stanisci concerning his personal knowledge of Cadwalader's production to the USAO-EDNY outside the presence of the jury, before he testifies. Further, to the extent our questions require Mr. Stanisci to make a limited waiver of privilege concerning his personal knowledge of Cadwalader's document production, we request to conduct our *voir dire ex parte*.

Respectfully submitted,

*/s/ Michael Tremonte*
Michael Tremonte
Noam Biale
Alexandra Conlon
Claire Blumenthal Buck

*Attorneys for Daniel Kaplan*

cc:   All counsel (by ECF)